**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DESHUR EARLY,**

    **Plaintiff,**

vs.                                    **Case No.: 4:23-cv-00453-WS-MAF**

**STUBBS ROOFING COMPANY,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    This discrimination case was initiated in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida at a time when Plaintiff was represented by counsel. ECF No. 1. Defendant removed the case to this Court and filed a motion to dismiss. ECF Nos. 1, 4. Plaintiff, currently a prisoner proceeding *pro se*, filed a response.[1] Accordingly, the case is ripe for review. After careful consideration, for the reasons stated below, Defendant's motion to dismiss should be denied; and the case should proceed.

**I.**    **Allegations of the Complaint, ECF No. 1.**

    On August 7, 2023, Plaintiff, by and through counsel, sued Defendant,

---

[1] On January 16, 2024, the Court granted the motion to withdraw filed by Plaintiff's counsel. ECF No. 16.

Page 2 of 8

pursuant to 42 U.S.C. § 1981 and the Civil Rights Act of 1991 in Leon County Case No. 2023-CA-002017. ECF No. 1-1, pp. 5-11. According to Plaintiff, he began his employment with Defendant as a gutter installer in June 2019. Id., p. 6. Defendant hired Plaintiff out of desperation; and "Plaintiff was the only black worker on the job." Id.

Plaintiff claims Defendant promised him a one-dollar pay raise every thirty days and, ultimately, denied Plaintiff the raise but did not deny the raise to its white employees. Id. Plaintiff claims that "Michael Cash stated that he did not have black friends" and "nitpick[ed]," "argu[ed]" with, and "micromanag[ed] Plaintiff in a manner not used with white employees." Id., pp. 6-7. Defendant denied Plaintiff breaks, forced him to work "in the sun without . . . water," and did not allow him to "eat when he was hungry." Id., p. 7. Plaintiff reported Cash's behavior to Dustin Ledford, but Ledford was hostile. Id. Derrick Lomm was selected to replace Cash and was given Plaintiff's hours Id.

Plaintiff communicated with Ledford about getting his raise but received no response. Id. Eventually, Ledford said he was "working on it." Id. On August 5, 2019, Plaintiff asked Ledford for a raise again. Id. Ledford immediately terminated Plaintiff. Id.

Case No. 4:23-cv-00453-WS-MAF

Plaintiff alleges racial discrimination because he was treated differently than white employees; the differential treatment created an abusive and offensive work environment and constituted unlawful employment practices. Id., p. 8. Plaintiff also claims Defendant retaliated against him for reporting the unlawful practices to another employer. Id., p. 9. Plaintiff seeks general and compensatory damages, attorney's fees, and costs, and other relief. Id., pp. 10-11.

## II.  Standard of Review

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556; see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019). "The plausibility standard" is not the same as a "probability

requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Fed. R. Civ. P. 8 to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005) (quoted in Twombly, 550 U.S. at 558).

One additional principle warrants highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations. As noted above, factual allegations, though not legal conclusions, must be "accepted as true,"

Ashcroft, 556 U.S. at 678 even when they are "doubtful in fact." Twombly, 550 U.S. at 555. "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13-cv-228-RH/EMT, 2017 U.S. Dist. LEXIS 96642, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

### III. Defendant's Motion to Dismiss, ECF No. 4.

Defendant argues that this case should be dismissed because it is barred by the four-year statute of limitations. ECF No. 4. Plaintiff alleged he was terminated on August 5, 2019, but initiated this action against Defendant on August 7, 2023. Defendant maintains that "it is apparent from the face of the complaint that the claim is time barred." Id., p. 3 citing La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Claims for discrimination and retaliation are subject the four-year statute of limitations, which accrues on the date when the last discrete act occurred – the date of Plaintiff's termination after he asked for a raise. Id., citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372 (2004). Aside from pointing to Plaintiff's initial complaint, Defendant provided no exhibits in support.

### IV.     Plaintiff's Response, ECF No. 21.

Plaintiff maintains that his complaint itself is sufficient to survive a motion to dismiss for failure to state a claim. ECF No. 21, p. 2. Plaintiff provided no exhibits in support of his Response. In the Response, Plaintiff claimed that his former counsel made a typographical error regarding the accrual date and sought to supplement the record with the correct date. Id. The Court liberally construed Plaintiff's request as seeking leave to amend and granted him leave to do so; the Court also advised if he did not want to amend his complaint, he could, instead, file a notice stating the same; and the case would proceed as is. ECF No. 22. Plaintiff chose the latter. ECF No. 23. Accordingly, the case is ripe for review on the matter of whether Plaintiff's complaint is time barred.

### V.      Discussion

The statute of limitations for a claim under Section 1981 is four years. Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1338-39 (11th Cir. 2008). Plaintiff's claims are subject to the four-year statute of limitations, which accrues when the last discrete act occurred. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372 (2004). The last discrete act was the termination of Plaintiff's employment after he asked for a raise. Neither party offered any exhibits in support of or in opposition to the termination date. Rather, both

parties solely rely on the date Plaintiff filed the initial complaint in state court.

Federal Rule of Civil Procedure 6(a)(1) provides, in pertinent part:

> . . . in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [the court must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays; and . . . .if the period would end on a Saturday, Sunday or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday or legal holiday.

Since the termination date is undisputed, Defendant terminated Plaintiff's employment on Monday, August 5, 2019. Thus, the four-year limitations period for Plaintiff's Section 1981 claims began on that date. Plaintiff had, at the latest, until Monday, August 7, 2023, to file this lawsuit because August 5, 2023, fell on a Saturday. Under Fed. R. Civ. P. 6(a)(1), the limitations period expired the following Monday, the next business day. See also 29 CFR 1614.604(g) providing that, in the context of EEOC[2] claims, if the last day of the period "falls on a Saturday, Sunday or Federal holiday . . . the period shall be extended to include the next business day." Plaintiff filed suit on Monday, August 7, 2023; and these claims are, therefore, timely. Defendant's motion to dismiss Plaintiff's discrimination claims as untimely should be denied.

---

[2] Equal Employment Opportunity Commission.

Case No. 4:23-cv-00453-WS-MAF

## VI. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss this action as untimely, ECF No. 4, should be **DENIED** and this case should **PROCEED**. It is further recommended that the case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on April 15, 2024.

<u>/s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).